13-3247-cv
Annis v. State of Vt. Prosecutors

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
                    REENA RAGGI,
                    DENNY CHIN,
                                *Circuit Judges*.

-----------------------------------------------------------------------

WILLIS BOYD ANNIS, III,

                                *Plaintiff-Appellant*,

                    v.                                                  No. 13-3247-cv

STATE OF VERMONT PROSECUTORS, FEDERAL PROSECUTORS STATE OF VERMONT,

                                *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:                    Willis Boyd Annis, III, *pro se*, Burlington, Vermont.

FOR APPELLEES:                    No Appearance.

Appeal from a judgment of the United States District Court for the District of

Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 27, 2013, is AFFIRMED.

Plaintiff Willis Boyd Annis, III, proceeding pro se, appeals from the sua sponte dismissal of his amended complaint and denial of further leave to amend. We assume familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

We review de novo a district court's sua sponte dismissal of a complaint. See Giano v. Goord, 250 F.3d 146, 149–50 (2d Cir. 2001). Upon such review, we conclude, substantially for the reasons stated by the district court, that Annis's complaint about defendants' failure to prosecute persons tracking his thoughts through a mind-reading device "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). It was therefore properly dismissed sua sponte under Neitzke v. Williams. Even when read with the "special solicitude" due pro se pleadings, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted), Annis's allegations cannot support a plausible claim for relief in light of established precedent, see Denton v. Hernandez, 504 U.S. 25, 33 (1992) (approving dismissal of complaint based on "irrational or wholly incredible" allegations); accord Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (explaining that dismissal is proper where complaint's factual allegations are the "product of delusion or fantasy" (internal quotation marks omitted)). In addition, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda

2

R.S. v. Richard D., 410 U.S. 614, 619 (1973).  Moreover, because there is no reason to think that a valid claim might be stated, the district court's denial of further leave to amend was appropriate.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Annis's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3